On a trial to a jury, the defendant was found guilty of operating a motor vehicle while under the influence of intoxicating liquor, in violation of General Statutes 1.4-227a. He has appealed from the judgment which was rendered on the verdict on the ground that there was insufficient evidence to support the verdict. The facts may be summarized as follows: On September 13, 1980, the defendant was first seen driving an automobile southbound on Route 79 in Durham, at approximately 1:50 a.m. According to the testimony of two witnesses who were riding behind the defendant's car in an ambulance, the defendant was driving in an erratic manner. After following the defendant for several minutes, they radioed the presence on the highway of a suspected intoxicated driver to the Madison police. The responding officer testified that upon reaching the defendant's automobile, he observed its erratic *Page 835 
operation, including its entering a traffic circle in the wrong direction. Upon pulling the vehicle over, the officer noted that the defendant's speech was slurred, his eyes were glassy and he was unable to produce a driver's license. Thereupon, he administered certain performance or "California" tests to the defendant. On the basis of the defendant's conduct and his failure satisfactorily to perform these tests, he was arrested.
The basis of the defendant's claim of error is as follows: In the absence of any chemical tests to determine sobriety, the primary evidence relied upon by the jury was the performance tests. Therefore, since there was conflicting testimony regarding the number of tests which were administered, the probative value of these tests was reduced and there was insufficient evidence on the whole to support the jury verdict.
The number of performance tests administered is an issue of fact. Therefore, the issue resolves itself into one of credibility, which is to be determined by the jury as the trier of fact. State v. Avcollie, 178 Conn. 450, 456, 423 A.2d 118
(1979). "It is the function of the jury to consider evidence, draw logical deductions and make reasonable inferences from facts proven, that is, to decide guilt or innocence." Ibid. In so doing, a juror must use all of his experience and knowledge of human nature in order to conclude whether the cumulative effect of the evidence establishes guilt beyond a reasonable doubt. Id., 456-58.
The jury were confronted with conflicting evidence on an important aspect of the state's case against the defendant. The choice of the more credible evidence was for them to make. State v. Avcollie, supra, 457. Furthermore, despite the conflicting testimony, there was sufficient corroborating evidence regarding the defendant's intoxicated state, such as the testimony concerning his impaired driving, his physical appearance and the odor of alcohol on his breath. There is no distinction between direct and circumstantial *Page 836 
evidence so far as the probative value of evidence is concerned. State v. Chetcuti, 173 Conn. 165,172, 377 A.2d 263 (1977). The totality of the evidence must be given a construction which is most favorable to sustaining the jury's verdict. State v. Avcollie, supra, 457. Accordingly, the issue in this case is one of credibility of the witnesses and there is sufficient evidence to support the guilty verdict.
 There is no error.
In this opinion SHEA and DALY, Js., concurred.